996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Wayne MOORE, Petitioner-Appellant,
v.
Stephen W. KAISER, Warden, Respondent-Appellee.
 No. 92-6341.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This pro se appeal is from an order of the district court dismissing a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted and is serving a life sentence in Oklahoma for first degree murder. Petitioner was convicted and sentenced following a jury trial. The conviction was affirmed on appeal.
 
 
 3
 Petitioner has also pursued post-conviction relief in the state courts of Oklahoma. All relief was denied. In his petition to the district court, petitioner raised two grounds for relief. He contended that the criminal information filed in his original conviction violated the due process clause of the Fourteenth Amendment to the United States Constitution because it failed to sufficiently inform him of the charges against him. Petitioner also alleged that his court-appointed appellate counsel was inadequate because she failed to assert the constitutional inadequacy of the charging information.
 
 
 4
 We agree with the findings of the magistrate which were adopted by the district court. The information filed in petitioner's criminal case sufficiently informed him of the charges against him and protected him against double jeopardy after his conviction and sentencing. Any other deficiencies in the information in this case would be matters of state law and not cognizable in a federal habeas corpus proceeding. Petitioner's appellate counsel clearly made a professional judgment that the claim of the inadequacy of the charging information was without merit. Petitioner has made no showing that his appellate counsel was ineffective under the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). We AFFIRM the order of the district court denying relief and dismissing the petition for writ of habeas corpus for substantially the reasons given by the magistrate and adopted by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3